**247 A.2d 91.**

RICKY L. COCHRANE *vs.* HAROLD V. LANGLOIS, *Warden, et al.*

OCTOBER 28, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for a writ of habeas corpus directed to the warden of the adult correctional institutions and to the assistant director of social welfare in charge of correctional services. After our examination of the petition, we ordered the respondents to show cause why the writ should not issue. The respondents appeared and filed an answer.

The petitioner is a 16-year-old boy who prays that he be released from the state prison because his incarceration violates certain of his constitutional rights and accordingly is illegal. In their answer, respondents admit that petitioner is confined at the prison but deny that petitioner's detention is illegal in any respect. In defending their actions, respondents point to the provisions of G. L. 1956, §13-4-12, as amended, which provide that any individual who has been committed to the training school for boys may be transferred by the assistant director of social welfare in charge of correctional services to the adult correctional institutions whenever this official believes that such a transfer will best serve the purpose of "reforming" the boy. The respondents' answer shows that in October 1967, petitioner had been adjudged a delinquent by the family court and was committed to the training school until further order of the court. On December 28, 1967, respondent assistant director witnessed petitioner and other inmates at the school as they wilfully destroyed certain portions of a cottage used at the institution for disciplinary confinement. This respondent thereupon ordered petitioner to be transferred to the prison and pursuant to the provisions of §13-4-12, as amended, notified the family court of his action. Some months later, the instant petition was filed with us. On June 11, 1968, we ordered the writ herein to issue.

In their supplementary brief and at oral argument before us on October 7, 1968, the respondents informed this

court that the petitioner had been released from the adult correctional institutions as the result of certain proceedings instituted in the family court. The pertinent records of that tribunal have been furnished to us and we have verified the respondents' representations. The records show that on June 5, 1968, the family court ordered the petitioner returned to the training school. Subsequently the court entered an order on July 17, 1968, releasing the petitioner from the training school and placing him on probation until its further order. Therefore, we are of the opinion that the actions of the family court have rendered moot any issues raised by the instant petition.

The petition for habeas corpus is denied and dismissed and the writ heretofore issued is quashed.

*Abedon, Michaelson, Stanzler and Biener, Milton Stanzler,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.